KOENIG, Appellant v. HUBER et ux, Respondents

(210 N.W.2d 825)

(File No. 11103. Opinion filed October 4, 1973)

L. E. Schreyer, Lake Andes, for plaintiff and appellant.

M. E. Miller, Lake Andes, for defendants and respondents.

WINANS, Justice.

Edward Koenig (plaintiff) commenced this suit against Ruben Huber (defendant) * for the dissolution of a partnership alleged to exist between them and for an accounting of the partnership operations. By his answer, the defendant prayed for like relief. The trial court entered findings which were generally favorable to the defendant and accepted the final report of a certified public accountant as to the accounting. The plaintiff has appealed.

From the record, it appears that on or about the first day of January, 1965, the parties entered into a partnership to engage in a plumbing and heating business in Lake Andes. The business was operated under the terms and conditions of a written partnership agreement. For the purposes of this appeal, the following provisions of their agreement are relevant:

> "Fifth: All of the said partners will at all times diligently employ themselves in the business of the partnership and carry on the same for the greatest advantage to its interests.

> "Sixth: The capital of said firm is considered to be $20,000. One half of which Ruben Huber has contributed in the form of plumbing tools and the building, equipment and inventory of said business. The other half of which Edward Koenig has contributed in the form of digging machinery and equipment.

---

* Arlene Huber, wife of the defendant, was also named as a party defendant. However, for the purposes of this appeal reference to the "defendant" will be to Ruben Huber.

"Seventh: All the debts and obligations of the partnership shall be borne in equal shares by the partners. The partners shall be entitled to the net profits arising from the said business in equal shares."

During the early years of the partnership business, few records were kept by the partners. Thus, after the plaintiff commenced this suit, the court appointed Thomas Vogel, a certified public accountant, to make an accounting of the partnership affairs. Vogel rendered a written accounting of the partnership which the court adopted in toto in its decision. In accordance with the partnership agreement, both parties were considered in the report to have a one half interest in the assets and profits of the business. However, the accountant found that the plaintiff had withdrawn more money from the business than the defendant and these excessive withdrawals were deducted from the plaintiff's one half share. Briefly stated, the accounting report and the trial court concluded that the partnership had assets of $24,016.99 in excess of its liabilities; that the plaintiff had made excessive withdrawals totaling $6,528.20; and that accordingly, the defendant was entitled to $15,272.60 and the plaintiff $8,744.39 as their respective shares of the partnership assets.

In this appeal it is the plaintiff's principal contention that the trial court erred in adopting the accountant's report in toto for the reason that it failed to consider "extra" time spent by the plaintiff in the partnership business. At the trial, the plaintiff introduced evidence that the defendant ran an oil station from the inception of the partnership until June of 1966; that the defendant served as deputy sheriff and sheriff from November 1970 to the cutoff date of the accounting, August 3, 1971; and that in the partnership income tax returns for 1965 and 1966, the plaintiff was reported as receiving more than half of the partnership income.

Based upon this evidence, the plaintiff argues that he should have been credited in the accounting with more than half of the profits for the years 1965 and 1966 as compensation for "extra" time that he spent in the partnership business while the

defendant was running the oil station. We find this argument untenable. In their partnership agreement, the parties expressly stated that profits were to be divided equally. Such a provision is binding on the parties and must be given effect. See 68 C.J.S. Partnership §§ 76 and 95. We cannot rewrite the partnership agreement merely because the plaintiff claims that he has spent more time in the partnership business than the defendant.

We also reject the plaintiff's claim that he should have been allowed a salary of $600 per month for extra time that he spent in the partnership business while the defendant served as deputy sheriff and sheriff. In the absence of an agreement to the contrary, a partner is not entitled to compensation beyond his share of the profits. See SDCL 48-3-1 and 48-3-7. There was no such agreement to the contrary in the present case.

The plaintiff next contends that the trial court erred in failing to find that the defendant breached the fifth provision of the partnership agreement, as quoted above, by serving as sheriff and deputy sheriff. We find no merit in this contention. There was evidence presented at the trial that the defendant continued to perform his duties for the partnership after he began serving as sheriff and deputy sheriff. In view of this evidence, the trial court's findings will not be disturbed on appeal.

We find no merit to the plaintiff's remaining assignments of error.

Affirmed.

BIEGELMEIER, C. J., and WOLLMAN and DOYLE, JJ., concur.

DUNN, J., not participating.